**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL LUQUE BALONDON (A-No. 088-657-834),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-05656-JLT-FJS<br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Doc. 1) |

Before the Court is Angel Luque Balondon's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. FACTUAL BACKGROUND

Petitioner is from Nicaragua. (Doc. 10-1 at 1.) In June 2012, Petitioner immigrated to the United States, where he was encountered by Customs and Border Protection and released on his own recognizance.[1] (*Id.* at 2.) At that time, the Department of Homeland Security issued a Notice to Appear charging Petitioner as removable. (*Id.*) On April 6, 2021, an Immigration

[1] Although Petitioner claims to have entered the United States on January 20, 2001, on a visa, (Doc. 1 at 5), he was eventually paroled by CBP into the United States on his own recognizance on June 15, 2012. (*See* Doc. 10-1 at 2.)

Judge ordered Petitioner removed to Nicaragua. (*Id*. at 2–3.) Petitioner timely appealed his order of removal. (*Id*. at 3.) On December 17, 2021, the Assistant Chief Counsel (ACC) at the Office of the Principal Legal Advisor (OPLA), tasked with representing the government in Petitioner's underlying immigration case, filed a motion to dismiss because Petitioner's case was not a priority. (*See id*.) On June 3, 2022, an IJ granted the motion to dismiss. (*Id*.) While the I-213 fails to specify what came of Petitioner's appeal, it appears that Petitioner's appeal was never adjudicated due to OPLA's dismissal.[2] (*See id*.)

On August 1, 2025, Petitioner was arrested by Utah local police for driving under the influence of alcohol, among other things. (Doc. 10-1 at 3.) The I-213 indicates that charges for this offense are pending, but Petitioner indicates that he was never convicted for this offense and only had to "pay[ ] a citation for a DUI." (*See id*.; Doc. 1 at 5–6.) Apart from these charges, Petitioner has no other criminal record. (*See* Doc. 10-1 at 3.) On June 1, 2026, Petitioner was arrested by ICE after appearing at his local state superior court in connection with his DUI charges. (*Id*. at 2; Doc. 1 at 5–6.) According to the I-213, Petitioner resisted his arrest, tried to flee, and punched one of the arresting ICE officers in the face. (Doc. 10-1 at 2.) Petitioner was transferred to California City Detention Facility, where he remains. (Doc. 1 at 2.)

On July 20, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 14–15.) On August 9, 2026, Respondents filed an opposition, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an applicant for admission, but conceding that under *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), Petitioner is entitled to a custody redetermination hearing before an immigration judge. (Doc. 8 at 1.)

///

---

[2] Petitioner does not appear to be subject to a final order of removal. In 2026, DHS issued another notice to appear charging Petitioner as removable, (*see* Doc. 10-2 at 1), and upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's immigration proceedings are ongoing with no order of removal in place. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited September 28, 2026). Additionally, Respondents do not argue that Petitioner is subject to mandatory detention under a reinstated order of removal. (*See* Docs. 8, 10.) Instead, Respondents concede that under 8 U.S.C. § 1226(a), Petitioner is entitled to a custody redetermination hearing before an IJ. (Doc. 8 at 1.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 8 at 1.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing. (*Id.*) Respondents make no effort to distinguish this current case from the numerous cases finding this legal position to be incorrect and the detention unlawful. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. The record indicates that Petitioner was recently arrested on DUI charges and had to pay a fine connected with this arrest. (Doc. 10-1 at 3.) This Court finds that "Respondents may well have a legitimate interest in Petitioner's

detention based on information contained in the arrest report . . . [T]he Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interest[] in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026). Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision.

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **<u>At least 72 hours before</u>** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **<u>at least 72 hours</u>** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this Order to the Immigration Judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: September 28, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE